J-S32022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KATHRYN J. GARZA | |
| Appellant | No. 2664 EDA 2015 |

Appeal from the Judgment of Sentence July 14, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000529-2014

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 21, 2016**

Appellant, Kathryn J. Garza, appeals from the July 14, 2015 judgment of sentence of time served to 23 months' imprisonment, following a plea of *nolo contendre* to aggravated assault.[1]  With this appeal, Appellant's counsel has filed a petition to withdraw and an **Anders**[2] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a)(3).

[2] **Anders v. California**, 386 U.S. 738 (1967).

The trial court has set forth the relevant factual and procedural history as follows.

> On November 5, 2013, a manager of a retail store contacted the Nether Providence Police Department advising that a white female, later identified as [Appellant], had loitered in the store for over two hours and then locked herself in the bathroom, refusing to come out. Three officers arrived and encountered [Appellant], who began thrashing, kicking and attempting to bite them. They arrested her and charged her with various offenses.
>
> Her court-appointed counsel petitioned that she be found incompetent to stand trial. On April 2, 2014, th[e trial c]ourt concluded that she was, indeed, incompetent, so she was committed to the Norristown State Hospital for evaluation and treatment.
>
> On July 14, 2015, [Appellant] appeared before th[e trial c]ourt and, after being found competent, entered a negotiated plea of *nolo contendre* to a charge of aggravated assault. Pursuant to the terms of the agreement, th[e trial c]ourt sentenced her to a term of confinement of time served to 23 months.

Trial Court Opinion, 10/9/15, at 1.

Appellant did not file a post-sentence motion. On August 13, 2015, Appellant filed a timely notice of appeal.[3]

In the **Anders** Brief, counsel has raised the following issue for our review.

---

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. Counsel's Rule 1925 statement noted its intent to file an **Anders** brief. **See generally** Pa.R.A.P. 1925(c)(4).

Did the trial [c]ourt err in accepting the plea of *nolo contendere* because the plea was not voluntarily and understandingly tendered on the record?

***Anders*** Brief at 3.

"When presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, an ***Anders*** brief shall comply with the requirements set forth by our Supreme Court in ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 361.

Pursuant to ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

> Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of [her] right to: (1) retain new counsel to pursue the appeal; (2)

proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). Further, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In this appeal, we conclude that counsel's **Anders** brief complies with the requirements of **Santiago**. First, counsel has provided a procedural and factual summary of the case with references to the record. **Anders** Brief at 4-5. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. **Id.** at 6-8. Third, counsel concluded, "[b]ased on the foregoing argument, counsel believes this appeal is frivolous." **Id.** at 9. Lastly, counsel has complied with the requirements set forth in **Millisock**. **See** Letter from Counsel to Appellant, dated 1/25/16. As

a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

"Initially, we note that, in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Miller**, 748 A.2d 733, 735 (Pa. Super. 2000). "Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives [her] right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." **Commonwealth v. Lincoln**, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." **Commonwealth v. Yeomans**, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "[A] defendant has no absolute right to withdraw a guilty plea; rather, the decision to grant such a motion lies within the sound discretion of the trial court." **Commonwealth v. Muhammad**, 794 A.2d 378, 382 (Pa. Super. 2002).

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

*Lincoln*, *supra* at 609-610 (internal quotation marks and some citations omitted).

Instantly, our review of the record reveals that Appellant did not object to her plea prior to or during the July 14, 2015 plea and sentencing hearing. Further, Appellant did not file a post-sentence motion to withdraw her plea. As noted above, in order to preserve an issue related to the validity of a guilty plea, a defendant must either object during the colloquy or otherwise raise the issue at the guilty plea hearing, the sentencing hearing, or through a post-sentence motion. *Lincoln*, *supra*; *accord Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006); *see also* Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"). Accordingly, Appellant has waived any challenge to the validity of her guilty plea.

Based on the foregoing, we conclude Appellant's sole issue on appeal is waived for lack of preservation. In addition, we have reviewed the certified record consistent with *Flowers* and have discovered no additional arguably meritorious issues. Accordingly, we grant counsel's petition to withdraw and affirm the trial court's July 14, 2015 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/21/2016