COMMONWEALTH of Pennsylvania,
Appellee,

v.

Kenneth L. MILLER, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 18, 1999.
Filed March 13, 2000.

Deborah K. Hoff, Waynesboro, for appellant.

John F. Nelson, III, District Attorney, Chambersburg, for Commonwealth, appellee.

Before McEWEN, President Judge, HUDOCK, J. and CERCONE, President Judge Emeritus.

HUDOCK, J.

¶ 1 This is an appeal from the judgment of sentence entered following the denial of Appellant's motion to withdraw his plea of *nolo contendere* to a charge of driving under the influence of alcohol (DUI).[1] Appellant was sentenced to serve from one to

1. 75 Pa.C.S.A. § 3731(a).

five years in a state correctional institution and to pay a fine of $450.00. In this appeal, he contends that he should have been permitted to withdraw his plea. We agree and, accordingly, vacate the judgment of sentence and remand the case for trial.

¶ 2 According to the affidavit of probable cause filed with the criminal complaint in this case, Appellant was involved in a traffic accident at approximately 7:30 p.m. on May 17, 1998. Trooper Craig Finkle of the Pennsylvania State Police was dispatched to the scene, and he encountered Appellant and his girlfriend walking along the road nearby. Appellant, who appeared to be intoxicated, told Trooper Finkle that he had been driving and that he was "DUI suspended in New York." He also told Trooper Finkle that he had drunk one beer since the accident. Trooper Finkle arrested Appellant and took him to Chambersburg Hospital where blood was drawn at 9:55 p.m. The ·test showed a blood alcohol level of 0.13 percent. Appellant was charged with DUI and several summary offenses.

¶ 3 Appellant negotiated a plea agreement with the Commonwealth in which he agreed to plead *nolo contendere* to DUI in exchange for the Commonwealth's agreement to *nolle pros* the summary charges and a recommended sentence of thirty days' imprisonment. During the oral plea colloquy before the court, the assistant district attorney asked Appellant, "Do you understand this is believed to be a first offense for mandatory sentencing purposes and it would carry with it a 48 hour mandatory jail sentence?" Appellant responded, "Yes, sir." N.T., 2/8/99, at 3. Sentencing was then set for February 17, 1999.

¶ 4 In the interim, a partial pre-sentence report was prepared. That report indicated that Appellant had several DUI convictions in New York, so the court granted a continuance until April 14, 1999, to allow for the preparation of a full pre-sentence report. The full pre-sentence report listed three New York convictions: two "DWI" convictions from 1996 and a conviction on the lesser charge of "DWAI" from 1993.

¶ 5 At the beginning of the sentencing hearing, Appellant's attorney made an oral motion to withdraw his plea. Appellant wished to withdraw the plea because he believed that his post-accident drinking provided him with a defense and also because the New York convictions rendered the Commonwealth's sentence recommendation moot. The latter reason prompted the following exchange between the court and Deborah K. Hoff, Esquire, Appellant's attorney:

MS. HOFF: The New York offenses were not known to the Commonwealth [on February 8, 1999] or to me at that time.

THE COURT: They were known to [Appellant] though.

MS. HOFF: They were known. But we did not even discuss the idea of whether an equivalent offense in another jurisdiction would count or not. It didn't come up.

THE COURT: Why didn't it come up? He didn't tell me, right?

MS. HOFF: Well, there's no reason to discuss it if it's not—it's just—

THE COURT: Well, what [Appellant] thought was that if I don't tell them, they won't find out about it.

MS. HOFF: Evidently, he told the probation department.

THE COURT: I'll tell you what—

[APPELLANT]: I did tell the probation department.

THE COURT: I know you told the probation department. But obviously, you didn't tell whenever they were—we were talking about a second offense. You didn't tell anyone.

N.T., 4/14/99 (a.m.), at 4–5. The hearing was adjourned for lunch, during which time Ms. Hoff prepared a written motion to withdraw the plea. In the motion, Appellant asserted his innocence. When the hearing resumed, the court denied the mo-

tion and sentenced Appellant as described above.

■ ¶ 6 Initially, we note that, in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea. *Commonwealth v. Boatwright*, 404 Pa.Super. 75, 590 A.2d 15, 19 (1991). When reviewing a trial court's denial of a motion to withdraw a guilty plea, we will not disturb the court's decision absent an abuse of discretion. *Id.* This Court recently explained the standards for determining when a pre-sentencing request to withdraw a guilty plea should be granted:

Pennsylvania Rule of Criminal Procedure 320 states that "[a]t any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Two different standards exist for reviewing requests to withdraw a guilty plea prior to sentencing and those that are made after sentencing. In the case of *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973), our Supreme Court set forth the standards for determining when, as here, a request to withdraw a guilty plea made prior to sentencing should be granted. The Court began by stating that "although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing ... should be liberally allowed." *Forbes*, 299 A.2d at 271. The Court then provided the following test:

[I]n determining whether to grant a pre-sentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, unless the prosecution had been "substantially prejudiced."

*Id.*, 299 A.2d at 271.

In applying the "Forbes test", our Supreme Court has been quick to reverse lower courts for deviating from this liberal standard. In the case of *Commonwealth v. Randolph*, 553 Pa. 224, 718 A.2d 1242 (1998), a defendant, who confessed to police about his participation in numerous burglaries, entered open pleas of guilty to all the charged crimes. The trial court conducted a sufficient, on-the-record colloquy. Furthermore, the trial court informed the defendant that any attempt to withdraw a guilty plea should be done before sentencing and that any attempt to withdraw a guilty plea after sentencing would be severely limited. On the date of the defendant's scheduled sentencing, the defendant informed his counsel that he wished to withdraw his guilty pleas based upon his innocence. The trial court focused upon the validity of the defendant's guilty plea colloquy and denied the defendant's request to withdraw.

In vacating the Superior Court's affirmance of the trial court in *Randolph*, our Supreme Court stated that "[w]e wish to make it clear that we do not now, nor have we ever, abandoned, altered or modified the standard articulated in *Forbes* regarding a defendant's ability to withdraw a guilty plea prior to sentencing." *Randolph*, 718 A.2d at 1245. The Court placed considerable significance upon the fact that the defendant in Randolph clearly asserted his innocence as the basis for his request to withdraw his guilty pleas. *Id.*, 718 A.2d at 1244. Moreover, the Court found that the "uncontroverted evidence of record fails to reveal that the Commonwealth would have suffered any prejudice, let alone substantial prejudice, had [the defendant's] withdrawal request been permitted." *Id.* The Court found the defendant's proclamation of innocence to be a fair and just reason for the withdrawal of his guilty plea. *Id.*; *see Forbes*, 299 A.2d at 272.

*Commonwealth v. Goodenow*, 741 A.2d 783, 786–87 (Pa.Super.1999) (footnote omitted). We concluded, "According to *Forbes*,

*supra*, a court must allow a pre-sentence request to withdraw a guilty plea if the defendant asserts his innocence and the withdrawal does not result in substantial prejudice to the Commonwealth." *Goodenow*, 741 A.2d at 787.

■ ¶ 7 In the instant case, Appellant has asserted his innocence, the Commonwealth does not contend that the withdrawal of the plea would cause it substantial prejudice,[2] and there is no evidence in the record that the withdrawal of the plea would do so.[3] Ordinarily, the trial court would have to permit a defendant to withdraw his plea under such circumstances. *Goodenow, supra.* This case is complicated, however, by the trial court's conclusion that fair and just cause for withdrawing the plea did not exist because Appellant lied to the court about his New York convictions in order to obtain a lighter sentence and sought to withdraw his plea only after his deception was discovered. The trial court wrote:

> During the [plea] colloquy, [Appellant] was asked if he understood that it was his overall third offense and first offense for mandatory sentencing purposes. Instead of forthrightly informing this court that he had three other DUI's in New York, [Appellant] deceitfully concealed them and simply answered affirmatively. However, in the time between [Appellant's] plea and his sentencing, information from NCIC regarding [Appellant's] prior record of DUI's in New York State surfaced.
>
> [Appellant] had not disclosed the information of his New York DUI's to this court, the Commonwealth, or even his own attorney at any time. This court believes that he obviously agreed to the terms of the plea agreement at the time because he felt he was getting an advan-

tageous opportunity. He knew of the New York DUI's and he also knew that the Commonwealth did not have knowledge of them at that time. Therefore, a thirty day sentence recommendation was very favorable to [Appellant]. He entered a plea of nolo contendere while knowingly concealing the existence of his New York offenses. Then, when he learned that the Commonwealth had information on the New York offenses that would increase his sentence and make the Commonwealth's recommendation of thirty days inconsequential, he discovered that he had been innocent of the charge the entire time.

Trial Court Opinion, 6/11/99, at 4–5.

■ ¶ 8 We find the trial court's conclusion that Appellant was engaged in chicanery to be unsupported by the record for two reasons. First, the court fails to acknowledge Trooper Finkle's statement in the affidavit of probable cause that, at the time of his arrest, Appellant told Trooper Finkle that he was "DUI suspended in New York." That statement should have alerted the Commonwealth and Ms. Hoff to the likelihood of New York convictions relevant to the question of mandatory sentencing. However, it appears that Ms. Hoff did not ask Appellant about his New York record and there is no evidence that the Commonwealth asked about it during the plea negotiations. In addition, there is no evidence that Appellant, who did not complete high school, was otherwise made aware of the fact that equivalent offenses in other jurisdictions are considered for mandatory sentencing purposes. Given his statement to Trooper Finkle and the fact that none of the attorneys in the case expressed any interest in his New York record, it is not surprising that Appellant answered in the affirmative when he was asked whether he understood that the instant offense was believed to be a first

---

2. We note that the Commonwealth has not filed a brief in this Court.

3. The trial court concluded that, because the offense occurred in May 1998, any witnesses had had over a year to forget details of the incident. Unsupported contentions that wit-

nesses may suffer memory lapses are mere speculation and do not demonstrate substantial prejudice to the Commonwealth. *Commonwealth v. Middleton*, 504 Pa. 352, 357–58, 473 A.2d 1358, 1360–61 (1984).

offense for mandatory sentencing purposes and that it would carry with it a 48-hour mandatory jail sentence.

¶ 9 Second, there is no evidence in the record to support the trial court's finding that the Commonwealth independently learned of Appellant's New York convictions through the NCIC. In fact, the record shows that the Commonwealth found out about the convictions because Appellant told the probation department about them between the time of the plea hearing and the first scheduled sentencing hearing. That action, like Appellant's statement to Trooper Finkle, is inconsistent with the type of gamesmanship Appellant was supposedly engaged in.

¶ 10 Because Appellant asserted his innocence before he was sentenced and the Commonwealth has not demonstrated substantial prejudice, and the record does not support the conclusion that Appellant was engaged in improper gamesmanship, we conclude that he must be permitted to withdraw his plea of *nolo contendere*. *Goodenow, supra.*

¶ 11 Judgment of sentence vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.