J-S16007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAYLEY NICHOLE BUTLER | |
| Appellant | No. 367 WDA 2016 |

Appeal from the Judgment of Sentence December 21, 2015
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0002382-2014

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:             **FILED AUGUST 11, 2017**

Hayley Nichole Butler appeals from the December 21, 2015 judgment of sentence[1] entered in the Cambria County Court of Common Pleas following her *nolo contendere* plea to third-degree murder.[2]  We affirm.

On October 5, 2015, Butler entered a plea of *nolo contendere* to one count of third-degree murder for the death of her boyfriend's nine-month-old

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although Butler's notice of appeal indicates that she is appealing from the February 11, 2016 order denying her post-trial motions, the appeal properly lies from the December 21, 2015 judgment of sentence.  ***See Commonwealth v. Kittelberger***, 616 A.2d 1, 1 n.1 (Pa.Super. 1992) ("A purported appeal from an order denying post-trial motions is procedurally improper because the appeal in a criminal proceeding lies from the judgment of sentence . . . .").

[2] 18 Pa.C.S. § 2502(c).

child. The child died from head trauma and other bodily injuries while under Butler's sole and exclusive care. The plea agreement did not contain a recommended or negotiated sentence. On December 21, 2015, the trial court sentenced Butler to 10 to 25 years' incarceration.

Butler filed timely post-trial motions to reconsider her sentence and to withdraw her plea. On February 11, 2016, the trial court denied both motions. Butler filed a timely notice of appeal.

Butler presents two questions for our review:

1. Whether the trial court erred in denying Butler's motion to withdraw her plea of *nolo contendere* as the plea was not a knowing, voluntary and intelligent plea?

2. Whether the court erred in applying the sentencing guidelines using a minimum of 96 months instead of a minimum of 72 months?

Butler's Br. at 5.

First, Butler argues that her plea was not knowing or voluntary because the trial court did not conduct a proper colloquy at the time of the plea. Butler maintains the trial court did not ensure that she knew either the nature of the charges against her or that, had she proceeded to trial, she would be presumed innocent until proven guilty.

This Court reviews a trial court's denial of a motion to withdraw a plea for an abuse of discretion. ***Commonwealth v. Miller***, 748 A.2d 733, 735 (Pa.Super. 2000). When a defendant enters a plea of *nolo contendere*, the plea is "treated the same as a guilty plea." ***Id.***

A trial court should not grant a post-sentence petition to withdraw a plea unless the defendant shows manifest injustice, which occurs when a defendant demonstrates that the plea was not entered into knowingly, voluntarily, and intelligently. **Commonwealth v. Kpou**, 153 A.3d 1020, 1023 (Pa.Super. 2016); **see Commonwealth v. Islas**, 156 A.3d 1185, 1188 (Pa.Super 2017) (noting that "when a defendant moves to withdraw a guilty plea **after** sentencing, the standard is far more stringent" than when the motion is filed before sentencing) (emphasis in original). Before a defendant enters a plea, the trial court must conduct an on-the-record colloquy to ensure that the defendant is aware of his or her rights and the consequences of the plea. **Kpou**, 153 A.3d at 1023. Pennsylvania Rule of Criminal Procedure 590 requires that the trial court inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590(C) cmt.; *accord Commonwealth v. Lewis*, 791 A.2d 1227, 1231 (Pa.Super. 2002).

Courts review the "totality of the circumstances" to determine whether a defendant entered a voluntary, intelligent, and knowing plea. *Kpou*, 153 A.3d at 1024. Further, the law presumes that a defendant who enters into a plea is aware of what he or she is doing, and the defendant bears the burden of proving otherwise. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003).

Butler first maintains that she was unaware of the nature of the charges before she entered her plea. The record belies her claim. Here, the information filed against Butler listed the elements of criminal homicide. Further, Butler completed and signed a nine-page written plea colloquy and orally acknowledged the terms of the agreement. N.T., 10/5/15, at 5-6. In the written colloquy, Butler initialed and signed that she understood the charges and that her attorney had briefed her on the elements. In addition, at the plea hearing, Detective Julie Wagner testified to the underlying facts. *Id*. at 9-10. Although the trial court did not explicitly recite the elements of the charge, we conclude that Butler was aware of the nature of the charges when she entered the plea. *Id*. at 5, 9; *see Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa.Super. 2005) (stating that plea will not be invalidated merely because trial court failed to outline elements of crimes at oral colloquy).

Butler also claims that the plea colloquy was defective because the trial court failed to inform Butler that she was "presumed innocent" until found otherwise. This claim lacks merit. Butler reviewed, initialed, and signed a written plea colloquy, which explained her rights and included a statement regarding the presumption of innocence. N.T., 10/5/15, at 5. During the oral colloquy, Butler confirmed that she understood her rights and was satisfied with her counsel's assistance. Although the trial court did not specifically state that Butler was "presumed innocent" at the plea hearing, this omission does not render the colloquy defective. **See Commonwealth v. Best**, 480 A.2d 1245, 1248 (Pa.Super. 1984) (stating that failure of trial court to "specifically advise" defendant that he or she is presumed innocent does not render plea colloquy defective).

Based on our review of the plea hearing transcript, the written colloquy, and the record, we agree with the trial court that Butler knowingly, voluntarily, and intelligently entered the *nolo contendere* plea. Therefore, the trial court did not abuse its discretion in denying Butler's post-sentence motion to withdraw.[3]

_____

[3] Butler also argues that the plea was involuntary because she believed the applicable minimum sentence was 72 months and her counsel had told her that the trial court would sentence her to a 72-month minimum. To the extent that Butler is asserting a claim of ineffective assistance of plea counsel, we note that except in limited circumstances not applicable here, ineffective assistance of counsel claims should not be reviewed on direct appeal. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013).

Next, Butler argues that the trial court violated the parties' plea agreement by applying a 24-month sentencing guideline enhancement, which increased the standard guideline range from 72-240 months to 96-240 months.[4] We disagree.

When analyzing a plea agreement claim such as Butler's, the court must first determine if the parties agreed to a specific sentence. **See Commonwealth v. Parsons**, 969 A.2d 1259, 1268 (Pa.Super. 2009). "Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." **Id**.

At sentencing, the parties and the trial court discussed the applicability of a particular sentencing enhancement because Butler pled *nolo contendere* to third-degree murder and the victim was younger than 13 years old. The enhancement provision reads as follows:

> (k) *Third Degree Murder of a Victim Younger than Age 13 Enhancement sentence recommendations*. If the court determines that the victim of murder in the third degree as defined in 18 Pa.C.S. § 2502(c) was less than 13 years of age at the time of the offense, the court shall instead consider the Third Degree Murder of a Victim Younger than

---

[4] We note that Butler has included a Pennsylvania Rule of Appellate Procedure 2119(f) statement in her brief. However, Butler's claim does not challenge the discretionary aspects of the trial court's sentence, but rather the trial court's failure to accept the parties entire plea bargain. **See Commonwealth v. Parsons**, 969 A.2d 1259, 1269 (Pa.Super. 2009).

Age 13 Enhancement. The enhancement specifies a range of sentences (i.e., standard range) that shall be considered by the court for each combination of Offense Gravity Score (OGS) and Prior Record Score (PRS). The Third Degree Murder of a Victim Younger than Age 13 Enhancement adds 24 months to the lower limit of the standard range and assigns the statutory limit as the upper limit of the standard range. The sentence imposed will be served consecutively to any other sentence the person is serving and to any other sentence imposed by the court (42 Pa.C.S. § 9711.1).

204 Pa. Code 303.9(k).

At the end of the sentencing hearing, the trial court stated:

I am faced with an enhancement issue which in the Court's humble opinion any discretion relative to that sentence I would think would be reserved for situations where there might be some type of mental illness involved or extraneous factors or a victim that is close to the age of 13 and certainly not one that is close to the age of one year old.

N.T., 12/21/15, at 24.

Although the written plea colloquy stated that the standard guideline range was 72-240 months, the plea agreement stated: "[E]xcept as expressly provided otherwise herein, there is no other agreement as to sentence or any other matter." N.T., 10/5/15, Ex. 1. Further, at the sentencing hearing, Butler agreed that the trial court was not bound by any agreement regarding her sentence. *Id*. at 10-11. Neither the sentencing nor the plea hearing transcript indicates that Butler and the Commonwealth agreed to a particular guideline range or that the enhancement would not apply. Accordingly, we conclude that Butler's claim lacks merit.

Judgment of sentence affirmed.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/11/2017</u>