J-A21034-17

2017 PA Super 355

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES HART | |
| Appellant | No. 1087 WDA 2016 |

Appeal from the Judgment of Sentence Entered June 1, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0010022-2015

BEFORE: BENDER, P.J.E., OLSON, and STABILE, JJ.

OPINION BY STABILE, J.:                    FILED NOVEMBER 13, 2017

Appellant James Hart appeals from the June 1, 2016 judgment of sentence entered in the Court of Common Pleas of Allegheny County ("trial court"), following his plea of nolo contendere to one count of invasion of privacy, 18 Pa.C.S.A. § 7507.1(a)(1). Upon review, we vacate and remand.

On June 8, 2015, the O'Hara Township Police Department filed a criminal complaint against Appellant, charging him with one count of invasion of privacy. In the affidavit accompanying the complaint, the police alleged that in May 2015, Appellant resided with this wife, their son, and his nineteen-year-old stepdaughter (the "victim"), in O'Hara Township, Allegheny County. On May 26, 2015, at approximately 5:00 a.m., the victim took a shower and entered her second floor bedroom wearing only a towel. She closed the bedroom door and removed the towel. As she stood nude in her bedroom,

she noticed a shadow out of the corner of her eye by the window.  When she approached the window, she observed Appellant climbing down a ladder that was outside her bedroom window.  The victim knocked on the window, but Appellant continued to climb down the ladder and walk towards the front of the house.  The victim quickly dressed herself, ran to her mother's bedroom, and explained to her mother what had happened.  Her mother immediately confronted Appellant about the incident, to which Appellant replied, "I don't know what I was doing, I'm very sorry."  Appellant apologized several more times, and offered to pay for anything the victim wanted, including an apartment for the victim.  Appellant's wife, and the victim's mother, told him that their relationship was over, and made him leave the residence.  The victim proceeded to her nursing school classes for the day, and at approximately 8:45 p.m., went to the O'Hara Township Police station to file a report against Appellant.

On June 1, 2016, after the jury had been picked, Appellant pleaded nolo contendere to invasion of privacy.  The trial court then colloquied Appellant on his decision to plead nolo contendere.[1]  Among other things, Appellant agreed with the allegations against him contained in the affidavit of probable cause accompanying the criminal complaint.  See N.T. Plea Hearing, 6/1/16, at 11.  On the same day, the trial court sentenced Appellant to one year of probation.  Id. at 15.

_____

[1] Appellant also completed a written plea colloquy on June 1, 2016.

- 2 -

On June 9, 2016, Appellant, still represented by plea counsel, filed a post-sentence motion to withdraw his plea, averring that:

> 3. That on June 2, 2016, undersigned counsel received notification from Assistant District Attorney Edward H. Scheid that the probation office had advised him hat [sic] the aforementioned disposition required that [Appellant] register as [a] sexual offender pursuant to 42 Pa.C.S.A. 9799.13.[2] Notable, [Appellant] was never advised of the Sexual Offender Registration Notification Act (SORNA) requirements at the time of his plea and sentence.
>
> 4. At issue is the aforementioned resolution of [Appellant's] case was reached without [Appellant], undersigned counsel, or the Commonwealth appreciating the consequences of his plea and therefore was not made voluntarily with full comprehension of the effect of his plea. Specifically, [Appellant] was never advised at the time of his plea and sentence of the mandatory registration requirements under [SORNA].

Appellant's Motion to Withdraw, 6/9/16, at ¶¶ 3-4. Based on these averments, Appellant requested that the trial court grant his request to withdraw his plea of nolo contendere.

In response, the Commonwealth argued that Appellant's plea should not be set aside because it was voluntary and knowing, even though Appellant was not informed of the registration requirements under SORNA at the time of his plea and sentencing. To buttress its position, the Commonwealth relied

_____

[2] The offense of invasion of privacy, when it is a first violation, is graded as a misdemeanor of the third degree with a maximum term of one year in prison. See 18 Pa.C.S.A. §§ 7507.1(b) and 1104. Additionally, under the Sexual Offender Registration Notification Act ("SORNA"), invasion of privacy offenses are categorized as "Tier I sexual offenses." 18 Pa.C.S.A. § 9799.14(b). SORNA provides that individuals "convicted of a Tier I sexual offense . . . shall register for a period of [fifteen] years." 18 Pa.C.S.A. § 9799.15(a)(1). Having pleaded nolo contendere to invasion of privacy, Appellant must register as a sex offender for fifteen years.

on Commonwealth v. Leidig, 956 A.2d 399 (Pa. 2008) and Commonwealth v. Williams, 832 A.2d 962 (Pa. 2003)[3] to argue that "registration requirements constitute a collateral punishment, not a criminal punishment." Commonwealth's Response to Motion to Withdraw, 6/15/16, at ¶ 4. The Commonwealth also argued that Appellant's plea was voluntary and knowing because he "was made fully aware of his criminal punishment responsibilities with probation." Id. at ¶ 5. The Commonwealth pointed out that if Appellant's withdrawal motion were granted, it would be prejudiced because "the victim in this case was already reluctant to appear in court." Id. at ¶ 6. On June 23, 2016, the trial court denied Appellant's motion to withdraw.

Appellant eventually retained the services of private counsel, who filed a praecipe for appearance on behalf of Appellant on July 19, 2016. On the same date, Appellant filed a motion to reconsider the denial of his post-sentence motion to withdraw the plea of nolo contendere. In support, Appellant argued that he "was not apprised of the SORNA aspect of the potential sentence as a result of a fundamental breakdown in the customary processes and practices used in SORNA cases by the [trial court]." Motion to Reconsider, 7/19/16, at ¶ 4. Appellant argued:

> 6. Second, the case was not identified and "tracked" as Sex Offender Court ("SOC") case. A SOC case includes on the Notice

---

[3] In Williams, our Supreme Court held that registration, notification and counseling requirements of Megan's Law II were non-punitive for purposes of due process. Williams, 832 A.2d at 986.

- 4 -

of Formal Arraignment provided to a defendant by the Issuing Authority the following legend: "Comments: Sex Offender Case." Exhibit "A". Also, the Allegheny County Court of Common Pleas abbreviates the procedures associated with cases involving allegations of sex offenses by combining the Formal Arraignment and Pre-Trial Conference into a single proceeding in the context of specialized court known as SOC. Exhibit "B". This case was not, however, identified by the Issuing Authority as a SOC case or scheduled for a combined Formal Arraignment and Pre-Trial Conference; instead, it proceeded in the customary fashion: a Formal Arraignment on September 29, 2015; and, a Pre-Trial Conference, several weeks later, on October 23, 2015. Exhibits "C" and "D."

7. Third, it is the settled practice in the Allegheny County Court of Common Pleas to apprise [Appellant] on the record and in writing of his obligation to register pursuant to SORNA. Exhibit "E" [SORNA Colloquy]. In this case, however, [Appellant] was neither apprised on the record nor in writing that he had such an obligation.

8. In sum, all of the mechanisms that are in place to ensure that a defendant is apprised of the full panoply of consequences attendant to a plea of guilty or nolo contendere in an SOC case failed: (a) he did not receive actual notice from his attorney; (b) he did not receive constructive notice from the District Attorney and Administrative Office of the Court of Common Pleas by "tracking" this case as an SOC case; and, (c) he did not receive either actual or constructive notice from the District Attorney or the presiding Judge on the record or in-writing at the time of his plea that he would be required to register pursuant to SORNA.

Id. at ¶¶ 6-8.

On July 25, 2016, Appellant timely appealed his judgment of sentence, which was rendered final and appealable by the denial of his post-sentence motion to withdraw his plea of nolo contendere. On July 27, 2016, the Commonwealth filed a response to Appellant's reconsideration motion, challenging, inter alia, as misguided Appellant's contention that the Commonwealth did not adhere to its customary practices and procedures in this case. Specifically, the Commonwealth pointed out that "[t]he offense charged in this case, invasion of privacy (Misdemeanor 3), is not a charge

enumerated on the Sex Offender Court (SOC) list. Exhibit "A". Misdemeanor offenses typically are not identified and tracked as SOC cases . . . to facilitate the efficiency of SOC docket." Commonwealth's Response to Motion for Reconsideration, 7/27/16, at ¶ 8. On July 27, 2016, the trial court denied Appellant's reconsideration motion.[4]

On August 12, 2016, Appellant filed a praecipe waiving his right to Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46, review in exchange for an opportunity to raise an ineffective assistance of counsel claim on direct appeal. On August 19, 2016, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, challenging his plea of nolo contendere and raising a claim for ineffectiveness assistance of plea counsel. In response, on January 17, 2017, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellant's claims are without merit. In so concluding, and relying on Leidig, the trial

_____

[4] We note that the trial court's denial of Appellant's reconsideration motion is a legal nullity because it was without jurisdiction to deny the motion as Appellant already had filed an appeal in this court. See 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). Moreover, even if Appellant had not appealed to this Court, the trial court still would have been without jurisdiction to dispose of the reconsideration motion because it did so more than 30 days after it denied his post-sentence motion to withdraw the plea of nolo contendere.

court emphasized that SORNA does not constitute punishment. See Trial Court Opinion, 1/17/17, at 6, 8, and 11.

On appeal, Appellant raises two issues for our review:

[I.] Did the trial court err when it refused to permit Appellant to withdraw his plea of nolo contendere where the plea was not knowing, voluntary, and intelligent because Appellant was not advised that his plea would require him to register as a sex offender under SORNA?

[II.] Did the trial court err when it concluded that Appellant's plea counsel was not ineffective where he failed to advise Appellant that his plea would require him to register under SORNA?

Appellant's Brief at 6.[5]

We first address Appellant's argument that the trial court abused its discretion in denying his post-sentence motion to withdraw his plea of nolo contendere.

It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court.[6] Commonwealth v. Unangst, 71 A.3d 1017, 1019 (Pa. Super. 2013) (quotation omitted); see Commonwealth v. Broaden, 980 A.2d 124, 128 (Pa. Super. 2009) (noting that we review a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion), appeal denied, 992 A.2d 885 (Pa. 2010). Although no absolute right to withdraw a guilty plea

_____

[5] Based on the outcome in this case, we need not address Appellant's second issue.

[6] We note that "in terms of its effect upon a case, a plea of nolo contendere is treated the same as a guilty plea." Commonwealth v. Miller, 748 A.2d 733, 735 (Pa. Super. 2000).

exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." Commonwealth v. Yeomans, 24 A.3d 1044, 1046 (Pa. Super. 2011). In Commonwealth v. Prendes, 97 A.3d 337, 352 (Pa. Super. 2014), impliedly overruled on other grounds by Commonwealth v. Hvizda, 116 A.3d 1103, 1106 (Pa. 2015), we explained that a defendant may withdraw his guilty plea after sentencing "only where necessary to correct manifest injustice." Prendes, 97 A.3d at 352 (citation omitted). Thus, "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." Commonwealth v. Flick, 802 A.2d 620, 623 (Pa. Super. 2002).

"Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." Commonwealth v. Kpou, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Id. "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." Id. In Commonwealth v. Frometa, 555 A.2d 92, 93 (Pa. 1989), abrogated in part by, Padilla v. Kentucky, 559 U.S. 356 (2010), as in prior cases, our Supreme Court held that when a defendant is not made aware of a given consequence of his or her guilty plea,

relief must be based upon a determination of whether the consequence at issue was a "direct" or "collateral" consequence of the plea, with only the former warranting a remedy. See Frometa, 555 A.2d at 93 (noting that "defense counsel need only advise a criminal defendant of the direct consequences of pleading guilty.") (citation omitted). The distinction between a direct and collateral consequence of a plea is best described as "the distinction between a criminal penalty and a civil requirement over which a sentencing judge has no control." Leidig, 956 A.2d at 404.

With the foregoing standard in mind, we now address Appellant's argument that his plea of nolo contendere was not knowing, voluntary and intelligent because the trial court, his trial counsel, and the Commonwealth failed to inform him of the SORNA consequences arising from his plea. Specifically, Appellant argues that he was unaware at the time of his plea and sentencing that the offense of invasion of privacy carried a fifteen-year registration requirement under SORNA. As a result, Appellant claims that he did not tender his plea in a knowing, voluntary, and intelligent fashion. Accordingly, he claims that he suffered manifest injustice and that, consequently, the trial court abused its discretion in denying his post-sentence motion to withdraw the plea. Id. at 12.

Relying on Leidig, the Commonwealth counters that Appellant is not entitled to relief because SORNA's registration requirement is merely a collateral consequence (or a civil requirement) of a criminal conviction. Commonwealth's Brief at 9.

> In Leidig, our Supreme Court considered the issue of
>
> whether the mandatory registration requirements under Megan's Law II[7] should be considered a direct consequence of a guilty plea or a plea of nolo contendere, such that the failure of a trial court to accurately advise a defendant of the duration of the Megan's Law registration period constitutes grounds for withdrawal of the plea.

Leidig, 956 A.2d at 403. The appellant, Todd Leidig, entered an open nolo contendere plea to aggravated indecent assault on September 18, 2002, based upon the June 8, 2000 sexual assault of his thirteen-year-old stepdaughter. Id. at 400. At the plea hearing, the appellant was not apprised of the registration requirements of Megan's Law. Rather, the trial court informed the appellant that, prior to sentencing, "he would need to be assessed by the Sexual Offender's Assessment Board in order to determine whether he was a sexually violent predator." Id. at 401. At sentencing, however, the appellant was advised that he would need to register as a sexual offender for a period of ten years following his release from prison. The ten-year registration requirement under Megan's Law was in effect at time of his offense. Later on the day of sentencing, the parties noted that the appellant would be subject to lifetime registration under Megan's Law II, which went into effect on July 9, 2000, after the appellant's commission of aggravated indecent assault. The trial court and the attorneys "agreed that because [the a]ppellant's crime had been committed while Megan's Law I was in effect, [the

---

[7] Act of May 10, 2000, P.L. 74, No. 18 (formerly codified at 42 Pa.C.S.A. §§ 9791-99.9). Megan's Law expired on December 20, 2012, and eventually was replaced by SORNA. See 42 Pa.C.S.A. § 9799.41.

a]ppellant was subject to its ten-year registration requirement, not the lifetime registration requirement under Megan's Law II." Id. at 401-2.

Nonetheless, following the imposition of sentence, the county probation and parole department confirmed to the appellant that we would be subject to the lifetime registration requirement of Megan's Law II. Consequently, the appellant filed a motion to withdraw his nolo contendere plea, contending that it was not knowing, intelligent, and voluntary. The trial court denied the motion, but opined that the appellant should only be subject to the ten-year reporting requirement.

On appeal, we concluded that the appellant was not entitled to withdraw his plea and that he had to register for life. Our Supreme Court affirmed. In so doing, the Court reasoned that, because Megan's Law registration requirements are a civil collateral consequence of a plea, the sentencing court's interpretation of the duration of the appellant's registration period did not result in an involuntary and unknowing plea. Id. at 406. In other words, sexual offender registration requirements were collateral consequences to a defendant's nolo contendere plea and the defendant's lack of knowledge of those consequences did not weaken the validity of the plea. Id. ("To the extent that there was any confusion following those decisions that the registration requirements of Megan's Law are collateral and not direct consequences of a plea or other conviction, we settle the issue here: such requirements are collateral consequences and, as such, a defendant's lack of

knowledge of these collateral consequences to his or her pleading guilty or nolo contendere fails to undermine the validity of the plea.").

We, however, find Leidig distinguishable from the instant case for one important reason. SONRA now has been determined to be punitive in effect despite its expressed civil remedial purpose. During the pendency of this appeal, our Supreme Court issued its decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), announcing that SORNA registration requirements are tantamount to punishment.

There, the appellant was convicted of two counts of indecent assault on February 7, 2007. The appellant failed to appear for his May 8, 2007 sentencing hearing, absconding until he was arrested in Rhode Island in September 2014. At the time of his 2007 sentence, "he would have been ordered to register as a sex offender with the Pennsylvania State Police for a period of ten years pursuant to then-effective Megan's Law III."[8] Muniz, 164 A.3d at 1193.

At his 2014 sentencing, the appellant was subject to SORNA's lifetime registration provisions, which had replaced Megan's Law III during the time he absconded. The appellant filed a post-sentence motion seeking the application of Megan's Law III's ten-year registration requirement. The trial court denied his motion. The appellant appealed to this Court, challenging the application of SORNA on the basis of the ex post facto clauses of the United

---

[8] Megan's Law III replaced earlier versions of Megan's Law.

States and Pennsylvania Constitutions. We affirmed his judgment of sentence.

Our Supreme Court on appeal reversed our decision and vacated the portion of the appellant's sentence that required his compliance with SORNA. Five of the six participating justices concluded that, despite the General Assembly's characterization of SORNA's registration provisions as nonpunitive, the provisions constitute punishment. They further concluded that a retroactive application of SORNA's registration provisions violates the ex post facto clause of the Pennsylvania Constitution.[9] See id. at 1223, 1239 (Wecht, J. concurring). The Court observed that the appellant's seven-year absence from the Commonwealth did not affect its decision, because had the appellant been sentenced in 2007 and subject to registration under Megan's

_____

[9] The Supreme Court's plurality Opinion Announcing the Judgment of the Court ("OAJC") has no precedential value. However, "where a concurring opinion enumerates the portions of the plurality's opinion in which the author joins or disagrees, those portions of agreement gain precedential value." Commonwealth v. Brown, 23 A.3d 544, 556 (Pa. Super. 2011) (citation omitted). In Muniz, the OAJC found that SORNA's registration provisions are punitive and thus violated the ex post facto clauses under the federal and Pennsylvania Constitutions. In so holding, the OAJC concluded that the Pennsylvania Constitution's ex post facto clause provides greater protection than its federal counterpart. Justice Wecht's concurring opinion, joined by Justice Todd, found only that SORNA violates the Pennsylvania Constitution and declined to entertain the federal ex post facto question. Disagreeing with the OAJC, Justice Wecht also determined that the ex post facto clauses of the federal and Pennsylvania Constitutions are coterminous. Nonetheless, the binding precedent emerging from Muniz is confined to the determination that SORNA's registration requirement is punishment that runs afoul of the ex post facto clause of the Pennsylvania Constitution when applied retroactively.

Law III, his ten-year registration period, under Section 9799.13 of SORNA, would have converted to a lifetime registration when SORNA became effective. Id. at 1193 n.3.

In light of our Supreme Court's announcement in Muniz, we are constrained to hold that SORNA's registration requirements are no longer merely a collateral consequence, but rather punishment. As such, the Commonwealth no longer can rely upon Leidig as dispositive in this case.[10]

As stated, to be valid, a plea must be voluntary, knowing, and intelligent. Commonwealth v. Persinger, 615 A.2d 1305, 1307 (Pa. 1992). To ensure these requirements are met, Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. It first requires that a guilty plea be offered in open court. The rule then provides a procedure to determine whether the plea is voluntarily, knowingly, and intelligently entered. As the Comment to Rule 590 provides, at a minimum, the trial court should ask questions to elicit the following information:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
> (2) Is there a factual basis for the plea?
> (3) Does the defendant understand that he or she has the right to trial by jury?

_____

[10] Although Leidig is not specifically mentioned by the Muniz Court, it appears that the Muniz decision impliedly overrules Leidig to the extent that Leidig determined sex offender registration requirements to be a collateral consequence.

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range or sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment (Emphasis added).[11]  In Yeomans, this Court explained:

In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

Yeomans, 24 A.3d at 1047 (Pa. Super. 2011) (citing Commonwealth v. Fluharty, 632 A.2d 312, 314-15 (Pa. Super. 1993)).

Applying this standard, we conclude that, because the trial court here failed to inform Appellant of SORNA's registration requirements at the time of his plea and sentencing, it abused its discretion in denying his post-sentence motion to withdraw his plea of nolo contendere.  Based upon our review of the record, specifically the plea and sentencing transcript, and as conceded by the Commonwealth and the trial court, Appellant was unaware of any SORNA consequences of his plea of nolo contendere.  See Trial Court Opinion, 1/17/17, at 5 ("At that time the collateral consequences of his plea, including

_____

[11] The Comment also includes a seventh question, which is applicable only when a defendant pleads guilty to murder generally.

- 15 -

registration under [SORNA], were not discussed."). Moreover, as Appellant's plea counsel noted in the post-sentence motion to withdraw the plea of nolo contendere, Appellant was never apprised of the SORNA consequences of his plea until after sentencing, when on June 2, 2016, the Commonwealth notified plea counsel to inform him that Appellant's plea of nolo contendere to invasion of privacy carried a fifteen-year registration requirement. See Appellant's Motion to Withdraw, 6/9/16, at ¶¶ 3-4.

Additionally, our review of the plea and sentencing transcript indicates that, although Appellant executed a written and an on-the-record plea colloquy, he was never colloquied on SORNA, as required by 42 Pa.C.S.A. § 9799.23, which directs a trial court to inform a defendant of SORNA's mandatory registration requirements at the time of sentencing. Section 9799.23 of SORNA provides in relevant part that the trial court, at the time of sentencing, must classify the sexual offender as a Tier I, II, or III offender, or sexually violent predator; must specifically inform a sexual offender of his or her duties to register initially, upon change of address, and upon commencement of employment or enrollment as a student; and to attend counseling, to provide fingerprints, DNA, and a photograph to Pennsylvania State Police. Interestingly, Allegheny County's written SORNA colloquy largely mirrors the requirements of Section 9799.23 of SORNA.[12]

_____

[12] Allegheny County's written SORNA colloquy reads as follows:

_____

1.      Do you understand that, as a result of your plea today, you will be required to register with the Pennsylvania State Police as a "sexual offender"? __ Yes __ No

2.      Do you understand that, as a result of your plea today, you will be required to register your name, all current or intended residences, all information concerning current or intended employment and all information concerning current or intended enrollment as a student with the Pennsylvania State Police as a "sexual offender"? __ Yes __ No

3.      Do you understand the charges to which you are pleading guilty/nolo contendere require you to register as a "sexual offender" for a period of: (Assistant District Attorney to check appropriate line)
        __ 15 years (Tier I)      __ Yes __No
        __ 25 years (Tier II)     __ Yes __No
        __ Life (Tier III)        __ Yes __No
Do you understand that you must register your address with the Pennsylvania State Police immediately upon release from incarceration, upon your parole from any institution to which you have been sentenced, or upon the start of a sentence of intermediate punishment or probation? __ Yes __ No

4.      Do you understand that if you are sentenced to a period of probation and/or intermediate punishment as a result of your plea today you must immediately register in person with the Pennsylvania State Police? __Yes __ No

5.      Do you understand that you must notify the Pennsylvania State Police, within 48 hours, of any change in the following:
        a.      Any change in residence, or establishment of an additional residence(s);
        b.      Any change of employer, employment location, or termination of employment;
        c.      Any change of institution or location at which you are enrolled as a student, or termination of enrollment;
        d.      Becoming enrolled in school, or employed, if you have yet to provide this information to the Pennsylvania State Police? __ Yes __ No

6.      Do you understand that moving to a residence outside of the Commonwealth of Pennsylvania in no way negates any of the requirements to which you are subject under SORNA and, in fact, that you will be required to report your arrival to the authorities in the new state to which you relocate? __ Yes __ No

Given the uncontroverted evidence of record, we conclude that Appellant was not apprised of SORNA consequences at the time of his plea and sentencing. We also conclude that the trial court did not colloquy Appellant on the SORNA consequences, especially its registration requirements, at the time of his plea and sentencing, and as a result, the trial court failed to comply with the mandate of Section 9799.23 of SORNA. Accordingly, we conclude that, because Appellant was unaware of SORNA registration requirements attendant to his plea of nolo contendere at the time of his plea and sentencing, it cannot be said that he had a full understanding

---

7.      Do you understand that you have right to be sentenced within 90 days?  __ Yes __No

8.      Do you understand that SORNA dictates, as a result of your plea today, that you must be evaluated to determine whether you are a "sexually violent predator"?  __Yes __ No

9.      Do you understand that your evaluation to determine whether you are a "sexually violent predator" must be completed within 90 days, and that SORNA statue states that the evaluation must be completed prior to sentencing?  __Yes __ No

10.     Are you willing to waive the requirements that your evaluation be completed prior to sentencing, and be sentenced today? (See Commonwealth v. Whanger, 30 A.3d 1212 (Pa. Super. 2011)) __ Yes __ No

11.     If the evaluation results in a recommendation that you be labeled a "sexually violent predator", a separate hearing will be conducted at which time a Judge will hear testimony and weigh evidence presented by the Commonwealth and possibly your attorney to reach the final determination as to whether you will be labeled a "sexually violent predator". Do you understand this?  __ Yes __ No

12.     Do you understand if you are labeled a "sexually violent predator" that you will have a lifetime registration requirement?  __ Yes __ No

13.     Have you answered all the above questions with the assistance of your attorney, and of your own free will?                    __ Yes __ No

Appellant's Reconsideration Motion, 7/19/16, at Exhibit "E" (SORNA Colloquy) (emphasis in original).

of the nature and consequences of his plea. See Yeomans, supra. Thus, we hold that his plea was invalid and illegal because he did not tender it knowingly, voluntarily and intelligently.

In sum, as set forth above, we conclude that Appellant's plea of nolo contendere was not tendered in a knowing, voluntary and intelligent fashion because Appellant was unaware of any SORNA consequences—which now are considered punitive in nature under Muniz—at the time of his plea and sentencing. Specifically, neither his counsel, nor the Commonwealth, nor the trial court informed Appellant of any potential SORNA consequences. Accordingly, Appellant has established that he has suffered manifest injustice sufficient to invalidate his plea of nolo contendere. See Frometa, supra. Accordingly, we conclude that the trial court abused its discretion in denying Appellant's post-sentence motion to withdraw his plea of nolo contendere. We vacate Appellant's judgment of sentence and remand this matter to the trial court for further proceedings.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2017