J-S09011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BASIL JOHNSON | : | |
| | : | |
| Appellant | : | No. 1627 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 21, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007094-2019

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED JUNE 1, 2022**

Basil Johnson appeals from the judgment of sentence, imposed in the Court of Common Pleas of Philadelphia County, after he entered an open guilty plea to possession of firearm prohibited[1] and receiving stolen property ("RSP").[2]  On appeal, Johnson challenges the trial court's denial of his pre-sentence motion to withdraw his plea.  We affirm.

The following facts were presented as the basis for Johnson's plea:

[O]n September 15, 2019, [at] approximately 8:15 p.m., Philadelphia police were in the area of Broad and Olney Streets [] in the city and county of Philadelphia.  They [saw Johnson] lift up his shirt and s[aw] what appeared to be the handle of a gun.  They came back to the area, exited their vehicle, and [Johnson] then fled.  During that pursuit[,] they observed [Johnson] discard the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] *Id.* at 3925(a).

firearm into a nearby bush. [Johnson] was later apprehended. That firearm was recovered. A check was done on that firearm. It was reported stolen under D.C. 1608016978. The owner of that firearm does not know [Johnson and] did not give him permission to have it. [Johnson] does have a previous conviction for intimidation of a witness, which does make him ineligible[] to carry a firearm.

N.T. Guilty Plea Hearing, 11/17/20, at 6-7.

In addition to the above offenses, Johnson was charged with possessing a firearm without a license, carrying a firearm in public on the streets of Philadelphia, and possession of a controlled substance. In exchange for Johnson's guilty plea, the Commonwealth agreed to *nolle prosse* those charges and consented to Johnson's release with sign-on bail and direct supervision pending sentencing.[3]

Johnson entered his plea on November 17, 2020, after which the court deferred sentencing until January 29, 2021 and ordered a pre-sentence investigation ("PSI"). At Johnson's request, sentencing was again deferred until February 26, 2021, on which date the matter was continued due to a court closure. On May 25, 2021, the court granted another defense continuance and scheduled sentencing for June 25, 2021. On May 27, 2021, Johnson was arrested and incarcerated on a charge of aggravated harassment that arose during his prior incarceration. At the June 25, 2021 hearing date, counsel orally moved to withdraw Johnson's guilty plea. At the court's direction, counsel filed a written motion later that same day.

---

[3] Johnson was, in fact, released pending sentencing.

On July 8, 2021, the court held a hearing on Johnson's motion, at which time Johnson asserted his innocence and argued that he had misunderstood the terms of his plea agreement. Johnson testified as follows:

> THE DEFENDANT: Okay. My case was ready. I got arrested September 15th of 2019 and everything was ready by February 2020, February 6th. I believe you had a jury trial. And then February 24th the officer—the arresting officer didn't show up and March came with the pandemic. The Court—everything got shut[ ]down. I was in jail for 14 months and everything was ready, but the pandemic affected everybody. And November 16th you said another 30 days and I'm going to give you the ruling for the [suppression] motion, and I wasn't trying to hear nothing. They were trying to tell me that this is not over.
>
> He was saying at first I don't want to leave, the violence, guns, but then with a guilty verdict you were willing to let me go without any house arrest, any restrictions. I come back, you plead guilty, you go. I don't know that this is still going on. I'm thinking, okay, I'm getting time served or whatever. And then I came to the conclusion, I told my lawyer, I said, I don't think an innocent man regardless of the situation, but I'm already on the street and I'm coming to this, I don't think an innocent man should ever plead guilty under no circumstances. That's why I wanted to recant my guilty plea. I was under the impression, oh, well, we're going to take the motion off the table, you plead guilty, you go.
>
> I didn't know this was still going to be going on. I was home. I was working for seven months, seven months straight. I wasn't doing anything wrong. No rearrest, no police contact, nothing, no dirty urines. I'm employed. Everything. I was out there doing everything I was supposed to do. He's texting me court dates I had to come this day. I'm thinking that this is like time served, you're done. I didn't know if he would let me go. He was saying something about, no, it's too risky, he had a firearm and I'm just scared of the public's safety and everything else.
>
> [DEFENSE COUNSEL]: You're talking about the DA?
>
> THE DEFENDANT: Yeah, the DA. Once he got that verdict, okay, lift the house arrest, let's go. I thought, okay, well, let him go, he was free. I didn't know if I was pleading guilty to continue. I thought if I plead guilty then it was over, but then I'm like I don't

want to plead guilty even if it is time served or anything because I'm innocent. I'm an innocent man. So I don't believe that I should have pled guilty in the first place.

N.T. Motion to Withdraw Hearing, 7/8/21, at 9-11.

The court denied Johnson's motion and, on July 21, 2021, sentenced him to 5 to 12 years' incarceration for possession of firearm prohibited, with a concurrent 5-year term of probation for RSP. Johnson filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Johnson claims that the court erred in denying his motion to withdraw his plea because he professed his innocence, the Commonwealth would not suffer prejudice as a result of withdrawal, and justice and fairness demanded withdrawal. He further asserts that his plea was involuntary because (1) he had been incarcerated for an extended period under COVID-19 restrictions and the Commonwealth told him he could only be released if he pled guilty and (2) he did not understand that he would be sentenced at a later date because the Commonwealth told him he would be released immediately if he pled guilty. *See* Brief of Appellant, at 3-4. Johnson is entitled to no relief.

> The decision to grant or deny a motion to withdraw a guilty plea rests within the trial court's discretion, and we will not disturb the court's decision on such motion unless the court abused that discretion. *Commonwealth v. Miller*, 748 A.2d 733, 735 (Pa. Super. 2000). An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, and/or misapplication of law. *Commonwealth v. King*, 990 A.2d 1172, 1180 (Pa. Super. 2010). By contrast, a proper exercise of discretion conforms to

the law and is based on the facts of record. ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007).

***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa. Super. 2013).

A motion to withdraw a guilty plea prior to sentencing is governed by Pennsylvania Rule of Criminal Procedure 591, which, in pertinent part, provides that "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A).

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.

***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291-92 (Pa. 2015).

This Court has summarized the law on pre-sentence motions to withdraw guilty pleas as follows:

> The ***Carrasquillo*** Court, breaking with prior precedent, held that a bare assertion of innocence is no longer a fair and just reason permitting a pre-sentence withdrawal of a guilty plea. Instead, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." [***Id.***] at 1292. Our High Court outlined that the correct inquiry "on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id.*** In that decision, our Supreme Court ruled that the defendant had not offered a plausible innocence claim given that it was rather bizarre—a "devil made me to it" claim of innocence—and since the innocence claim was offered just prior to sentencing.

> *Id.* *See also Commonwealth v. Hvizda*,[ 116 A.3d 1103 (Pa. 2015)] (companion case to *Carrasquillo*).

*Commonwealth v. Baez*, 169 A.3d 35, 39-40 (Pa. Super. 2017).

> Thus,
>
> the *Carrasquillo* Court clearly established that trial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

*Commonwealth v. Norton*, 201 A.3d 112, 121 (Pa. 2019).

Here, the trial court did not abuse its discretion in concluding that Johnson's "cursory assertion of innocence is . . . clearly dubious and merits no relief." Trial Court Opinion, 9/24/21, at 7. Johnson waited for over seven months after entering his guilty plea to move to withdraw and he did so on the date scheduled for sentencing. In seeking to withdraw, Johnson made no specific, colorable demonstration that the withdrawal of his plea would promote fairness and justice; rather, he presented nothing more than a bare assertion of innocence. *Cf.* *Commonwealth v. Islas*, 156 A.3d 1185, 1191 (Pa. Super. 2017) (withdrawal appropriate where defendant testified: he did not engage in charged conduct; he maintained his innocence when interviewed by law enforcement; had the conduct occurred as alleged, it would have been witnessed by other people at the time; victim had motive to fabricate charges; victim had delayed in reporting first incident; and defendant

was of good character, had no criminal record, and had never received similar complaint in the many years he had been working in the field).

Moreover, Johnson's claim that he "misunderstood" the terms of his plea agreement is belied by the record. As the trial court notes in its opinion:

> Here, the record plainly contradicts [Johnson's] claim that his pleas were involuntary/unknowing because he believed he was pleading guilty in exchange for a sentence of time[ ]served and no further incarceration. [Johnson] affirmed during his plea colloquy that he understood the charges to which he was pleading guilty; understood his right to a jury trial; understood that he was presumed innocent; understood that the Commonwealth bore the burden of proving its case beyond a reasonable doubt; **and understood that after pleading guilty he could potentially be sentenced to a maximum term of thirty (30) years' incarceration**. [Johnson] also confirmed that he reviewed and executed a written plea colloquy form with his counsel. After the colloquy and recitation of facts, this Court accepted [Johnson's] pleas, ordered a [PSI], and deferred [Johnson's] sentencing until January 29, 2021. The district attorney then advised the court that the Commonwealth consented to [Johnson's] release "on sign-on bail" pending his sentence. This court specifically advised [Johnson] that "we will see you[,] Mr. Johnson[,] on January 29th."
>
> [Johnson] received the benefit of his plea deal and was released on bail pending his sentencing hearing, which was continued several times but ultimately scheduled for June 25, 2021. By then, seven (7) months after pleading guilty and being released on bail, [Johnson] had been arrested and incarcerated on charges of aggravated harassment, and he filed a motion to withdraw his guilty pleas in this case.
>
> The transcripts contain no statements from the Commonwealth, the court, or defense counsel that remotely support [Johnson's] purported understanding of his plea deal. The record[,] rather[,] reflects that[,] in exchange for [Johnson's] guilty pleas, the Commonwealth agreed (1) to *nolle prosse* multiple charges; and (2) to consent to [Johnson's] release from prison with sign-on bail and direct supervision pending sentence. **The record also confirms [Johnson's] understanding that he faced a**

**maximum potential sentence of thirty (30) years' incarceration in exchange for pleading guilty, and that his sentencing would be deferred pending the [PSI]**. Accordingly, [Johnson's] alleged belief that he would face no further sentence in exchange for pleading guilty simply lacks credibility and merits no relief.

Trial Court Opinion, 9/24/21, at 5-6 (unnecessary capitalization and citations to record omitted; emphasis added). The record fully supports the trial court's findings. *See* N.T. Guilty Plea Hearing, 11/17/20, at 3-9; Written Plea Colloquy, 11/17/20.

In sum, Johnson's bare assertion of innocence fails to establish a fair and just reason for pre-sentence withdrawal of his guilty plea, *Carrasquillo*, *supra*, and his claim of a "misunderstanding" is entirely belied by the record. Accordingly, he is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/01/2022