J-S20018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CARL ERIC NELSON | : | |
| | : | |
| Appellant | : | No. 1395 MDA 2020 |

Appeal from the Judgment of Sentence Entered September 28, 2020
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001288-2018

BEFORE:  NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED SEPTEMBER 14, 2021**

Appellant, Carl Eric Nelson, appeals from the judgment of sentence entered in the Centre County Court of Common Pleas, following his negotiated *nolo contendere* plea to aggravated indecent assault.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 28, 2020, Appellant entered a negotiated *nolo contendere* plea to aggravated indecent assault.  At the plea hearing, Appellant agreed to the facts as set forth in count 3 of the criminal information.  (N.T. Plea Hearing, 9/28/20, at 30).  Count 3 of the information states: "On or about 7/24/2018, [Appellant] [d]id without consent of the complainant, [A.S.], …feloniously engage in penetration however slight of the genitals or anus of the

_____

[1] 18 Pa.C.S.A. § 3125(a)(1).

complainant with a part of [Appellant]'s body for any purpose other than good faith medical, hygienic or law enforcement procedures[.]" (**See** Criminal Information, 8/29/18). On that same day, the court sentenced Appellant in accordance with the negotiated plea agreement to 11½ to 23½ months' incarceration, with credit of 580 days, eligible for immediate parole, followed by 3 years' probation. Appellant did not file any post-sentence motions. Appellant timely filed a notice of appeal on October 28, 2020. On November 5, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied. On November 13, 2020, Appellant was paroled.

Appellant raises the following issue for our review:

> Whether a sentence imposed by the [trial] court of eleven and one-half (11½) months to twenty-three and one half (23½) months, with credit for nineteen (19) months time-served, constitutes a "time-served sentence" as contemplated by the plea agreement (which was time-served to twenty-three and one half (23½) months, followed by three (3) years of consecutive probation).

(Appellant's Brief at 3).

Appellant argues that the court did not honor his negotiated plea agreement.[2] Appellant acknowledges that he entered his *nolo contendere* plea in exchange for the Commonwealth's recommendation of 11½ to 23½ months'

---

[2] Appellant does not seek to withdraw his plea, nor does he challenge the voluntariness of his plea. Additionally, Appellant does not allege that the court imposed an illegal sentence.

incarceration with 580 days of credit for time served. Nevertheless, Appellant insists the intent of the plea agreement was to create a time-served sentence. Appellant maintains that the sentence imposed violated this agreement because the court did not actually impose a "time-served" sentence. Appellant concludes that he is entitled to relief.[3] We disagree.

Preliminarily, we observe that when a defendant has entered a negotiated plea,[4] his "plea ... amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa.Super. 1991) (citations omitted). Additionally:

> [When] the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process[.]

---

[3] We note that Appellant does not specify the actual relief he seeks in violation of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2111(a)(9) (requiring appellate brief to consist of "[a] short conclusion stating the precise relief sought").

[4] "[I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Miller*, 748 A.2d 733, 735 (Pa.Super. 2000) (citing *Commonwealth v. Boatwright*, 590 A.2d 15, 19 (Pa.Super. 1991)).

*Id.* (citations, quotation marks, and footnote omitted).

Instantly, the trial court addressed Appellant's claim as follows:

This case involves [Appellant]'s appeal from a judgment of sentence entered on September 28, 2020 following his plea of *nolo contendere* to one count of aggravated indecent assault, a second degree felony (Count 3). The [c]ourt sentenced in accordance with a negotiated plea agreement; [Appellant] was sentenced to eleven and one-half to twenty-three and one-half months incarceration at the Centre County Correctional Facility, followed by three years of consecutive probation. He was given credit for 580 days (approximately nineteen months) time served on the charge. Counts 1, 2 and 4 were *nol prossed*. The sentence imposed was a downward deviation from the sentencing guidelines, and approved for the reasons addressed on record at the time of sentencing.

In his Concise Statement of Matters Complained of on Appeal filed November 25, 2020, [Appellant] complains that the sentence imposed is not a "time-served sentence" as was intended by the plea agreement. The plea and sentencing proceeding took place on-record immediately before the start of the jury trial scheduled in this case. As shown by the transcript, the [c]ourt imposed the sentence as recommended by the Commonwealth and agreed to by [Appellant]. If [Appellant] had a different, subjective, intent at the time of sentencing, that was not articulated prior to entry of sentence. The transcript of the proceedings makes clear that [Appellant]'s sentence was to be eleven and one-half to twenty-three and one-half months followed by the probation tail. As reflected by the transcript, an adjustment to the sentence as initially discussed was made so the recommended sentence would comport with the legal requirement that the minimum sentence be no more than one-half the imposed maximum. [Appellant] was given the time credit as calculated and agreed upon by the parties, and he was made eligible for immediate parole. A parole order was entered of record November 13, 2020, approving parole effective as of September 28, 2020. In sum, [Appellant] was sentenced in accordance with the plea agreement as presented to the [c]ourt, and the [c]ourt submits there is no merit to [Appellant]'s appeal.

- 4 -

(Trial Court Opinion filed December 11, 2020, at unnumbered 1-2) (citations omitted). The record supports the court's analysis.

Here, the plea hearing transcript belies Appellant's claim that he was not sentenced in accord with the terms of his negotiated plea. Rather, the record makes clear that Appellant negotiated the terms of his *nolo contendere* plea, including the Commonwealth's dismissal of three charges against him and the specific duration of the sentence with which he now takes issue. The court conducted a thorough colloquy of Appellant to ensure his plea was knowing, voluntary, and intelligent. (*See* N.T. Plea Hearing at 34-37). Appellant did not object, or in any way alert the court that the plea was different than what he understood it to be. (*Id.*) Instead, he denied having any questions of the court or his counsel. (*Id.* at 51). After accepting Appellant's plea, the court imposed the agreed-upon sentence. Appellant received the sentence for which he bargained, so he is precluded from challenging it now. *See Reichle, supra*. *See also Commonwealth v. Morrison*, 173 A.3d 286 (Pa.Super. 2017) (holding appellant waived challenge to discretionary aspects of sentence where he entered negotiated guilty plea and court imposed agreed-upon sentence). Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/14/2021