J-S19036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAQUILLE GURLEY, :
:
Appellant : No. 3412 EDA 2018

Appeal from the Judgment of Sentence Entered October 23, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005186-2016

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: Filed: July 16, 2020

Shaquille Gurley ("Gurley") appeals from the judgment of sentence imposed following the entry of his negotiated *nolo contendere* plea to one count each of aggravated assault and conspiracy.[1]  Additionally, Gurley's counsel, Matthew E. Sullivan, Esquire ("Attorney Sullivan"), has filed an Application to Withdraw as Counsel, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Attorney Sullivan's Application to Withdraw, and affirm Gurley's judgment of sentence.

On October 23, 2018, Gurley entered a negotiated *nolo contendere* plea to the above-mentioned charges.  During the plea hearing, the Commonwealth placed the following facts on the record:

---

[1] ***See*** 18 Pa.C.S.A. §§ 2702(a), 903.

[O]n February 7[,] 2015, [at] approximately 5:28 p.m., Philadelphia police officers responded to a radio call for a person with a gun at 5511 North 2nd Street. Upon arrival[,] officers located Complainant[,] Vincent Richardson [("Richardson")], who was suffering from a gunshot wound to his shoulder. Police transported []Richardson to Albert Einstein Medical Center.

[Detectives from Philadelphia's Northwest Detectives Division] responded to Albert Einstein Medical Center and interviewed []Richardson. [Richardson] stated that he was walking with his cousin and his friend … on 2nd Street between Clarkson Street and Olney Avenue. One of the males, [who] was identified as [Gurley], was acting like he was urinating against the wall of a building, and the other male that [Gurley] was with was standing there as if he was waiting for [Gurley]. As [Richardson] walked by, both offenders took out handguns[]. [Richardson] ran and heard two gunshots and was hit one time in his right shoulder. [Richardson] continued to run to the bar at the corner of 2nd and Clarkson [Streets] and waited for police.

[Richardson] described the [shooters]. The first one [w]as a black male, approximately 21 years old, 6'3", wearing a black jacket or hoodie with a black handgun. [Richardson stated that this individual was the one who had shot him]. [Richardson later identified] the second male [as Gurley], [who was] wearing a blue jacket with a black handgun.

The crime scene was secured[, and subsequently processed,] outside 5511 North 2nd Street. Two[,] 9 millimeter, [fired cartridge casings ("FCC")] were recovered and were placed on a property receipt and submitted to the Forensic Investigation Unit. In addition, video surveillance was recovered from 2nd and Clarkson Street.

Subsequently, [] [Gurley] was arrested for a [firearms violation] outside of 1233 West Venango Street on July 8[,] 2015. On that date[,] a [] gray and olive Springfield Armory 9 millimeter handgun[,] loaded with three live rounds in the magazine and one live round in the chamber[,] was recovered by officers that responded to the scene….

[T]he FCC's from that crime scene[,] as well as the crime scene in th[e] instant case[,] were compared by the Firearms Identification Unit, and they did match.

Subsequently, [Richardson] was shown a photo array and he []positively identif[ied Gurley] as one of the two individuals with a handgun on February 7[,] 2015 when he was shot.

N.T., 10/23/18, at 15-17.

Following his *nolo contendere* plea, Gurley waived a pre-sentence investigation report and mental health evaluation. The trial court sentenced Gurley, in accordance with the terms of the plea agreement, to 8 to 20 years in prison, followed by 5 years of probation. The trial court directed Gurley's sentence to run concurrently with his sentences at docket numbers CP-51-CR-0007507-2015 and CP-51-CR-0012748-2015. Gurley did not file a post-sentence motion.

On November 21, 2018, Gurley, *pro se*, filed a timely Notice of Appeal. Included with Gurley's *pro se* Notice of Appeal, was a letter indicating that he had filed a motion requesting that the trial court vacate his plea and allow Gurley to proceed to trial.[2] The trial court appointed Attorney Sullivan to represent Gurley on appeal. On February 5, 2019, Gurley, through Attorney Sullivan, filed a timely court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.[3] Attorney Sullivan thereafter filed a Statement of his intent to file an **Anders** brief on March 14, 2019. The trial

---

[2] No motion to vacate or withdraw Gurley's *nolo contendere* plea appears in the record or on the docket.

[3] In the Concise Statement, Attorney Sullivan indicated that Gurley had been unable to contact his plea counsel in order to file a post-sentence motion challenging his plea. Concise Statement, 3/25/19, at 1-2 (unnumbered). However, Attorney Sullivan also noted that such a claim is "proper for a collateral, not direct, attack of his conviction." **Id.** at 2 (unnumbered).

court declined to file an Opinion pursuant to Pa.R.A.P. 1925(a).  Attorney Sullivan subsequently filed, with this Court, an Application to Withdraw as Counsel and a brief pursuant to **Anders**.  Gurley did not file a *pro se* brief, nor did he retain alternate counsel for this appeal.

Before addressing Gurley's issue on appeal, we must determine whether Attorney Sullivan has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation.  **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him or his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.  The determination of whether the appeal is frivolous remains with the court.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth

counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on points that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In the instant case, our review of the *Anders* Brief and the Application to Withdraw reveals that Attorney Sullivan has substantially complied with each of the technical requirements of *Anders*/*Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of *Anders*). The record further reflects that Attorney Sullivan has furnished a copy of the *Anders* Brief to Gurley, advised Gurley of his right to retain new counsel or proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Additionally, Attorney Sullivan attached a copy of the letter that he sent to Gurley to the Application to Withdraw. Consequently, Attorney Sullivan has complied with all of the requirements set forth above.

In the **Anders** Brief, Attorney Sullivan presents the following issue for our review: "Whether []Gurley could raise any issues of arguable merit, or whether [Gurley]'s appeal is frivolous[?]" **Anders** Brief at 8.

In support of this question, Attorney Sullivan alleges that any claims Gurley could have raised were waived by Gurley's failure to file any post-sentence motions. **Id.** at 13. Attorney Sullivan asserts that the only claim arguably raised before the trial court was contained in the letter attached to Gurley's *pro se* Notice of Appeal. **Id.** at 16. Gurley's letter references a purported post-sentence motion[4] requesting that the trial court vacate his *nolo contendere* plea and allow Gurley to proceed to trial. **Id.** Further, Attorney Sullivan contends that neither Gurley's letter nor the record demonstrate manifest injustice. **Id.** at 15-18. Consequently, Attorney Sullivan asserts that it is frivolous to argue that Gurley should be permitted to withdraw his *nolo contendere* plea. **Id.** at 18.

The decision of whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. **Commonwealth v. Unangst**, 71 A.3d 1017, 1019 (Pa. Super. 2013) (quotations omitted); **see Commonwealth v. Broaden**, 980 A.2d 124, 128 (Pa. Super. 2009) (stating that we review a trial court's order denying a motion to withdraw a guilty plea

---

[4] Gurley entered into the negotiated *nolo contendere* plea and was sentenced on the same day, October 23, 2018. Our review of the record confirms that Gurley did not object to the entry of his negotiated *nolo contendere* plea or at the sentencing colloquy. Thus, any purported motion would have been filed *after* sentencing.

- 6 -

for an abuse of discretion); *see also Commonwealth v. Miller*, 748 A.2d 733, 735 (Pa. Super. 2000) (citations omitted) (stating, "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea.").

A guilty plea generally amounts to a waiver of all defects and defenses except those concerning jurisdiction of court, legality of sentence, and validity of a guilty plea. *Commonwealth v. Moyer*, 444 A.2d 101, 102 (Pa. 1982); *see also Miller, supra*. There is no absolute right to withdraw a guilty plea. *Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973). When a defendant seeks to withdraw a guilty plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011); *see also Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017) (explaining that "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." (citation and quotation marks omitted)).

In his letter, Gurley states that he "filed a motion asking [the trial court] to vacate the no contest plea." Notice of Appeal, 11/21/18, at 3 (unnumbered). However, no motion appears in the record or on the docket.[5]

_____

[5] Additionally, Gurley did not allege that manifest injustice would result if he was unable to withdraw his plea. *See Yeomans, supra*. We note that manifest injustice occurs "when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citation omitted). Although Gurley waived this claim in regards to an attempt to withdraw his *nolo contendere* plea, we must nevertheless address the validity of his plea, *infra*, in response to his next challenge.

"[A]ppellate courts may only consider facts which have been duly certified in the record on appeal." ***Commonwealth v. Bracalielly***, 658 A.2d 755, 763 (Pa. 1995) (citations omitted); ***see also Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017) (stating that failure to challenge a guilty plea in the trial court before raising the issue on appeal results in waiver) (citations omitted). Because Gurley did not preserve this claim with the trial court, it is waived. ***Id.***; ***see also Monjara-Amaya, supra***.

In the ***Anders*** Brief, Attorney Sullivan additionally asserts that Gurley's plea was valid, and the record demonstrates that Gurley was competent to enter into the plea. ***Anders*** Brief at 13-15. Attorney Sullivan contends that the trial court failed to ask Gurley, on the record, "if [Gurley] understood that the court was not bound by the terms of the plea agreement unless the plea was accepted by the court." ***Id.*** at 14. However, Attorney Sullivan argues that this issue was waived by Gurley's failure to file a post-sentence motion raising this issue. ***Id.*** at 13. Additionally, Attorney Sullivan asserts this issue is frivolous because the written colloquy, signed by Gurley, provided Gurley with the information that was missing from the trial court's on-the-record colloquy. ***Id.***

It is well settled that a defendant must "object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006) (citation, quotation marks and brackets omitted); ***see also*** Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived

- 8 -

and cannot be raised for the first time on appeal."). Because Gurley failed to object at sentencing, or by filing a post-sentence motion, the claim is waived. *See id.*

However, even if Gurley properly preserved this claim we would conclude that it lacks merit. To ensure that a plea is voluntary, knowing, and intelligent,

> Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. … As the Comment to Rule 590 provides, at a minimum, the trial court should ask questions to elicit the following information:
>
> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has a right to a trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentencing and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Hart*, 174 A.3d at 667-68 (citations omitted). "Inquiry into the above six areas is mandatory." *Commonwealth v. Ingold*, 823 A.2d 917, 921 (Pa. Super. 2003). "The purpose of [Rule 590] is to insure that the defendant fully understands the nature of the crimes to which he or she is pleading guilty and

the rights that are being waived by the plea." ***Commonwealth v. Carter***, 656 A.2d 463, 465 (Pa. 1995).

In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea. ***Kpou***, 153 A.3d at 1023. "A guilty plea will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." ***Commonwealth v. Fluharty***, 632 A.2d 312, 315 (Pa. Super. 1993). "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." ***Id.*** Moreover, "[a] written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." ***Commonwealth v. Morrison***, 878 A.2d 102, 108 (Pa. Super. 2005) (citing Pa.R.Crim.P. 590, cmt.).

Here, Gurley completed a written no contest plea colloquy that included the following admissions relevant to this appeal:

> I understand the nature of the charges to which I am pleading guilty/*nolo contendere*.
>
> I acknowledge that there is a factual basis for this plea.
>
> I understand that I have a right to a trial by jury
>
> I understand that I am presumed innocent until I am proven guilty.

> I am aware of the permissible range of sentences and/or fines for the offense(s) with which I am charged.
>
> I understand that the judge is not bound by the terms of any plea agreement between myself, my attorney, and the attorney for the Commonwealth unless the judge accepts such agreement.

No Contest Plea Colloquy, 10/23/18, at 1. Gurley's name is handwritten, both printed and signed, at the bottom of the third page. *Id.* at 3. Additionally, the trial court signed and dated the written no contest colloquy at the bottom of the fourth page. *Id.* at 4.

At the no contest plea hearing, the trial court completed a lengthy on-the-record plea colloquy in which Gurley fully participated. *See* N.T., 10/23/18, at 4-15. During the on-the-record colloquy, the trial court explained to Gurley his right to a jury or non-jury trial, his post-sentencing appellate rights, the elements and maximum sentences for each offense, and that his plea could affect any child custody rights or immigration status. *Id.* Gurley indicated that he understood. *Id.* Significantly, the trial court referenced Gurley's written no contest plea colloquy and repeatedly asked Gurley if he signed and understood the form. *Id.* at 5-7. Gurley indicated that he had reviewed the form with his attorney, fully understood the form, and did not have any questions. *Id.*; *see also Morrison, supra.* The Commonwealth subsequently provided the factual basis for the plea, and Gurley stated he was basing his no contest plea upon the facts provided. *Id.* at 18. Thus, the trial court found the factual basis to be established and accepted Gurley's plea as knowing, intelligent, and voluntary. *Id.* Gurley thereafter pled no contest to the charges, waived a pre-sentence report and

mental health evaluation, and immediately proceeded to sentencing. ***Id.*** at 18-20. The trial court accepted and signed Gurley's completed written colloquy. ***See*** No Contest Plea Colloquy, 10/23/18, at 4; ***see also*** N.T., 10/23/18, at 18-20. Further, the Commonwealth fully complied with the terms of the plea agreement, and the trial court sentenced Gurley in accordance with the agreement. ***See id.*** at 1; ***see also*** N.T., 10/23/18, at 20.

Thus, it is clear from the on-the-record colloquy, as well as Gurley's written no contest colloquy, that Gurley understood that the trial court was not bound by the plea agreement unless it accepted the agreement first. ***See Id.*** at 1, 3. Because the record establishes that Gurley entered into the *nolo contendere* plea knowingly, intelligently, voluntarily, and understandingly, a properly preserved motion challenging the validity of Gurley's plea would lack merit.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Dempster***, 187 A.3d at 272. As such, we grant Attorney Sullivan's Application to Withdraw, and affirm the judgment of sentence.

Application to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/20